Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

| | |
|---|---|
| IN RE: Stephen M Mungo | Case No.: 17-31459 |
| | Judge: MBK |
| Debtor | |

## CHAPTER 13 PLAN AND MOTIONS

☐ Original  ☑ Modified/Notice Required  Date: 06/21/2018
☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **RNB**     Initial Debtor: **SMM**     Initial Co-Debtor

### Part 1: Payment and Length of Plan

a. The debtor shall pay **$675.00 per month for 2 months; then $886.00 per month for 6 months then $1,298.00 per month for 52 months** to the Chapter 13 Trustee, starting on **November, 2017** for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion: _____

- [ ] Refinance of real property:
  Description:
  Proposed date for completion: _____

- [ ] Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection    [X] NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | $22,454.96 |
| Law Office of Robert Braverman, LLC | Prof'l Services | $1,975.00 |
| Child | Child Support | To Be Paid Outside Of Plan |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [✓] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor thru Plan | Regular Monthly Payment (outside Plan) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (thru Plan) | Regular Monthly Payment (outside Plan) |
|---|---|---|---|---|---|
| Internal Revenue Service | Personal Property | $13,098.00 | 4% | $14,473.00 | n/a |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Nationstar / Mr. Cooper** | 6 New Pond Lane Willingboro, NJ 08046 | $150,000.00 | |
| **Brigantine Inn Resort** | Time Share Legacy - Brigantine | $0.00 | $1,487.73 |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor

**Santander**

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☒ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☐    Not less than ___ percent

☑    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J.**

LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
  ☑ Upon Confirmation
  ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
 1) Ch. 13 Standing Trustee Commissions
 2) Other Administrative Claims
 3) Secured Claims
 4) Lease Arrearages
 5) Priority Claims

5

6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification  ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: June 21, 2018

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To increase Plan payments; to include notation of child support paid outside Plan; to include correct claim info for IRS; to include surrender of property located at 6 New Pond Lane, Willingboro, NJ and surrender of Brigantine Timeshare | To increase Plan payments; to include notation of child support paid outside Plan; to include correct claim info for IRS; to include surrender of property located at 6 New Pond Lane, Willingboro, NJ and surrender of Brigantine Timeshare |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☒ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    June 21, 2018            /s/ Robert N. Braverman, Esquire
                                 Robert N. Braverman, Esquire
                                 Attorney for the Debtor

Date:   June 21, 2018            /s/ Stephen M Mungo
                                 Stephen M Mungo
                                 Debtor

Date:                            _____
                                 Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date    May 16, 2018             /s/ Robert N. Braverman, Esquire
                                 Robert N. Braverman, Esquire
                                 Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:   May 16, 2018             /s/ Stephen M Mungo
                                 Stephen M Mungo
                                 Debtor

Date:                            _____
                                 Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 17-31459-MBK
Stephen M. Mungo                                                      Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin              Page 1 of 2              Date Rcvd: Jun 29, 2018
                               Form ID: pdf901          Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 01, 2018.
```
db             +Stephen M. Mungo,    10 W. Spring Garden Street,    Palmyra, NJ 08065-2549
cr             +U.S. Bank National Association, not in its individ,    c/o Rushmore Loan Management Services,
                 PO Box 55004,    Irvine, CA 92619-5004
517136601       Brigantine Inn Resort Club Condo Assoc,    PO Box 29352,    Phoenix, AZ 85038-9352
517136604       Department of the Treasury,    State of New Jersey,    Trenton, NJ 08625-0295
517136607      +KML Law Group, PC,    216 Haddon Ave, Ste 406,    Collingswood, NJ 08108-2812
517136608      +Law Office of Robert Braverman,    1060 N Kings Hwy, Ste 333,    Cherry Hill, NJ 08034-1910
517318115      +Nationstar Mortgage LLC d/b/a Mr. Cooper,    ATTN: Bankruptcy Department,    P.O. Box 619096,
                 Dallas, TX 75261-9096
517136611       Nationstar Mortgage/Mr Cooper,    PO Box 650783,    Dallas, TX 75265-0783
517136612      +Santander Consumer USA,    PO Box 961288,    Fort Worth, TX 76161-0288
517187682      +Santander Consumer USA Inc.,    PO Box 961245,    Fort Worth, TX 76161-0244
517177600      +Santander Consumer USA, Inc.,    P.O. Box 560284,    Dallas, TX 75356-0284
517616123       U.S. Bank National Association,    c/o Rushmore Loan Management Services,    PO Box 52708,
                 Irvine, CA 92619-2708
517616124      +U.S. Bank National Association,    c/o Rushmore Loan Management Services,    PO Box 52708,
                 Irvine, CA 92619-2708,    U.S. Bank National Association,
                 c/o Rushmore Loan Management Services 92619-2708
517136613      +United States Attorney for the IRS,    970 Broad St, 5th Fl,    Newark, NJ 07102-2527
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jun 29 2018 22:33:27     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 29 2018 22:33:26     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517136602       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 29 2018 22:39:16      Capital One,
                 15000 Capital One Dr,    Henrico, VA 23238
517136603       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 29 2018 22:39:33
                 Capital One Bank (USA), NA,    PO Box 71083,    Charlotte, NC 28272-1083
517136605       E-mail/Text: cio.bncmail@irs.gov Jun 29 2018 22:33:18     District Director of the IRS,
                 955 So Springfield Ave,    Springfield, NJ 07081
517315934      +E-mail/Text: bankruptcy@legacyvacationclub.com Jun 29 2018 22:33:34      Legacy Vacation Club,
                 PO Box  690999,    Orlando, FL 32869-0999
517370583       E-mail/Text: bkr@cardworks.com Jun 29 2018 22:33:13     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
517136609      +E-mail/Text: bknotices@mbandw.com Jun 29 2018 22:33:34     McCarthy, Burgess & Wolff, Inc,
                 26000 Cannon Road,    Bedford, OH 44146-1807
517136610      +E-mail/Text: bkr@cardworks.com Jun 29 2018 22:33:13     Merrick Bank Corp/Mastercard,
                 PO Box 9201,    Old Bethpage, NY 11804-9001
517298664       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 29 2018 22:39:50
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
517244874      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 29 2018 22:39:23      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517136614      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 29 2018 22:33:14
                 Verizon Wireless,    PO Box 650051,    Dallas, TX 75265-0051
                                                                                              TOTAL: 12
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517136606*     +Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                  TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2018                                    Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin              Page 2 of 2             Date Rcvd: Jun 29, 2018
                              Form ID: pdf901          Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 28, 2018 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               rsolarz@kmllawgroup.com
              Robert   Braverman    on behalf of Debtor Stephen M. Mungo robert@bravermanlaw.com
              Robert P. Saltzman    on behalf of Creditor    U.S. Bank National Association, not in its
               individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT dnj@pbslaw.org
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```